BAILES, Judge.
Liberty Mutual Insurance Company filed this action against Allstate Insurance Company, J. & M. Transportation Company, Inc., and Marion Finney, Jr., to recover workmen’s compensation benefits which it had paid to the widow and children of one Raymond Noel, an employee of Capitol Steel, Inc., who was killed in a truck accident on December 11, 1965, on the Mor-ganza Spillway Bridge on U.S. Highway 190 in Pointe Coupee Parish, Louisiana. Theresa Auzene Noel, the widow of Raymond Noel, individually and as natural tutrix of the decedent’s minor children, intervened in this suit claiming damages of the defendants for the wrongful death of Raymond Noel.
The plaintiff was the workmen’s compensation insurer of Capitol Steel, Inc., and Raymond Noel was a truck driver for Capitol Steel, Inc., at the time the truck he was driving ran into a truck owned by J. & M. Transportation Company, Inc. The driver of the latter truck was Marion Finney, Jr., and it was insured by Allstate Insurance Company.
The trial court found that the accident was caused solely by the negligence of Raymond Noel. Judgment was rendered rejecting the demands of the plaintiff and the intervenor. Only the intervenor has appealed. We find the trial court correctly resolved the issue of negligence and properly rejected the demands of the intervenor. The judgment appealed from is affirmed at appellant’s cost.
The evidence shows that about thirty minutes before this accident occurred, the truck driven by Finney became inoperative and stalled on the Morganza Spillway Bridge on U.S. Highway 190 about two miles east of the west end; that immediately after the truck stopped; in the outside or right lane of the two eastbound lanes, the driver turned on four blinking emergency lights, two of which faced the rear and the other two faced the front; that the driver then secured his red reflector signals and a fusee and placed one reflector about 40 feet to the rear of the truck and a second one about 75 feet to the rear. The third reflector he placed in front of his truck. Finney testified that he placed the first fusee in a crack of the bridge near the most rear reflector. He then secured another fusee which he used to signal passing vehicles. He further stated that while standing near the front of his disabled truck he signalled several trucks on their way and then walked back to the bridge bannister and at that time his truck was struck by the Capitol Steel truck driven by Raymond Noel. It was shown that none of the other vehicles which passed this disabled truck had any difficulty in overtaking and passing to its left. One such truck driver *184 testified that he observed the blinking emergency lights of the truck when he drove onto the bridge about two miles to the west.
Appellant’s chief assignment of error of the trial court, and the only one to which she directs her argument in brief, is that Finney did not place the red reflectors at the proper distance to the rear of his disabled truck; that this was a violation of the Highway Regulatory Act and negligence per se; and that this negligence was the sole proximate cause of the accident and death of Raymond Noel.
While it is true that Finney did not have the red reflectors placed at distances prescribed by LSA-R.S. 32:368, we find that actually the disabled vehicle was more adequately lighted by the flashing or blinking emergency lights, which were visible to motorists approaching from the rear for a far greater distance than the red reflectors would have been if placed in accordance with the statute. The failure of Finney to place the red reflectors at the distances prescribed by the statute may be considered negligence per se but in view of the existence of other and more prominent and visible lights on the rear of the trailer in this case it is not the legal cause of the accident. According to the testimony of Finney, and there is nothing in the record to refute his testimony, there were a total of seven red lights in operation and lighted on the rear of the trailer.
In Piggly-Wiggly Operators’ Warehouse, Inc. v. Commercial Union Insurance Company of New York (La.App.1965) 174 So.2d 207, the court considered a case very similar to the instant case. There the court found, just as we find here, that the accident was proximately caused by the inattention and failure of the driver of the overtaking vehicle to keep a proper lookout for other vehicles lawfully on the highway. Qearly, under the facts and surrounding circumstances, this accident was caused by the negligence of the driver, Raymond Noel. There is nothing in this case to bring it within the rule which excuses a motorist for failure to see some unusual object in the highway, but rather this case falls into the group of cases which have held the driver negligent in not seeing what a reasonably careful and prudent driver could have seen and would have avoided.
For these reasons, we conclude the trial court properly and correctly determined the issue of negligence and causation. The judgment appealed from is affirmed at appellant’s cost.
Affirmed.