ELLIS, Judge.
These suits arise out of an automobile accident which happened in West Baton Rouge Parish on November 10, 1964. The accident happened on Louisiana Highway 76 which, at the point of the accident, ran in an approximate east-west direction. The highway is a two lane black top highway way with lanes approximately ten or eleven feet in width.
About three hours before the accident happened, a truck and trailer rig owned by E. A. Babin and operated by Curtis Dominique had turned over by the side of the highway and obstructed part of the east bound lane of traffic. Mr. Babin had brought a crew of men and a winch truck to the scene, and shortly after 6:00 p. m., was still engaged in clearing the highway. Mrs. Louise Dardenne was driving in a westerly direction along the highway approaching the accident site, and Robert C. Jones was also approaching the accident site driving in an easterly direction. When they arrived, Jones, whose lane was partially blocked by the winch truck and cane on the highway, swerved over into Mrs. Dar-denne’s lane of traffic, and the accident resulted.
Suit was brought by Stanley Dardenne for the loss of his vehicle and for special damages, and by Mrs. Dardenne for personal injuries against Jones, Babin, Maryland Casualty Company, Babin’s liability insurer, and the Aetna Casualty & Surety Company, their own uninsured motorist insurer. Aetna brought suit against Jones, Babin, and Maryland for the amounts it paid to Dardenne under the collision feature of the policy for the damages for the Dardenne vehicle.
After trial on the merits, judgment was rendered in the Dardenne suit against Jones and Aetna, in solido, limiting Aetna’s liability to the coverage afforded by the uninsured motorist policy, but dismissing the suit as to Babin and Maryland. In the other case, judgment was rendered in favor of Aetna and against Jones for the full amount of its demands, but dismissing the case as to Babin and Maryland. In the first case, both Mr. and Mrs. Dardenne and Aetna have taken a devolutive appeal, and in the second case, Aetna has taken a devolutive appeal.
Mrs. Dardenne testified that as she approached the accident scene, she observed no flares, fusees, or flag men on the highway. She did see a flashing light, apparently on the winch truck. She testified that she slowed her speed, and as she drew up to the winch truck, the Jones vehicle suddenly swerved out from the other lane and crashed into her car.
Robert C. Jones testified that he approached the accident scene from the other direction at a speed of about 40 miles an hour. He testified that he saw no lights whatsoever, and that he had his lights on dim because of Mrs. Dardenne’s approach *726 ing automobile. He stated that when he saw the highway ahead of him obstructed, he started to swerve to his right but saw a large trailer in the ditch, which forced him to swerve back to the left. He was unable to avoid striking Mrs. Dardenne.
Two witnesses testified for Jones. Sam Hawkins testified that he had passed the site approximately 45 seconds or a minute before the accident happened, that he observed no flares, reflectors, fusees, or flag men at the scene, and that he saw no lights on the winch truck. Calvin Hicks, who arrived at the scene about five minutes after the accident, testified that he saw no reflectors, flares, fusees, flag men, or lights.
Calvin Dominique testified that when his truck overturned, he placed reflectors along the center line of the highway — one a hundred feet on either side of the overturned trailer, and one approximately level with it. Mr. Babin testified that when it began to get dark, he placed fusees along the edge of the highway approximately the same distance from the trailer as the reflectors. He was unable to recall if they were burning at the time of the accident, but other witnesses testified that they were burning. Mr. Babin testified that he acted as flag man approximately 100 feet to the west of the winch truck, and a Mr. James Thibodeaux testified that he acted as flag man about 75 feet to 100 feet east of the truck. Mr. Thibodeaux corroborated Mr. Babin’s testimony as to the fusees and reflectors, and he was positive in his recollection that the fusees were lit. Both of them testified that the parking lights on the truck, as well as the truck body lights, were lit and visible. Mr. Thibodeaux was, at the time of the accident and at the time of his testimony, an employee of the Louisiana Department of Highways. His son, James C. Thibodeaux, Jr., also an independent witness, further corroborated the testimony as to the lights, the reflectors, the fusees, and the flag men. Joe Ory Davis, an employee of Mr. Babin who was working at the scene, also corroborated their testimony.
The main specification of error is that the trial court erred in failing to find Mr. Babin negligent. The basis for the argument is that he failed properly to warn approaching traffic of the obstruction on the highway. It is clear that if the testimony of Babin and his witnesses is to be accepted, the assignment of error is without merit, since it demonstrates that there was substantial compliance with requirements of the law for warning devices and safety precautions. See R.S. 32:367-369. The trial judge, who saw and heard the witnesses, obviously accepted the evidence offered by Babin as being correct, and rejected that of plaintiff’s witnesses. Since the trial judge is in a better position than we to evaluate their testimony, we cannot say that he was manifestly erroneous in so doing.
We find no merit in the contention that Babin is negligent because of the accident in which his truck turned over, the length of time it took to clear the highway, or because he could have positioned the winch truck off the traveled surface of the highway. If these factors contributed to the situation as it existed when the accident happened, they are remote and not proximate causes of the accident. We think the judge properly found the sole proximate cause of the accident to be the negligence of Robert C. Jones.
Mrs. Dardenne was severely injured in the accident. She suffered a badly broken left arm, dislocation of her left elbow, dislocation of her left ankle and a broken right foot. She underwent surgery on several occasions, and suffered residual disability in her left arm and right foot. ’ The trial judge awarded her $12,500.00 in damages, but commented that the award would have been substantially larger but for the “limited financial means” of Jones. In view of the great discretion vested in trial judges, we cannot say that his conclusion in that respect is manifestly erroneous.
The judgments appealed from are, accordingly, affirmed, at appellants cost.
Affirmed.