KLEES, Judge.
In this case, defendant, Colonial Penn Insurance Company, appeals the judgment granted in favor of the plaintiffs, Dr. and Mrs. James DiLeo. The plaintiffs filed a wrongful death action to recover for the damages they sustained when their son was killed in a vehicular collision.
The accident occurred on Interstate 10 near the town of Milton, Florida, on August 15, 1979. At approximately 1:30 a.m., a six-wheel Ryder rental truck, leased by Grande Seafood Sales and operated by its employee, James Roy Slade, overturned while travelling east on I — 10. As a result of the accident, both lanes of travel were blocked as the truck was positioned perpendicular to the roadway with its undercarriage facing oncoming traffic. The truck’s lighting system was rendered inoperable when the vehicle overturned. Slade failed to place warning devices along the roadside so as to alert oncoming traffic of his disabled vehicle.
Shortly after the Ryder truck overturned, a 1979 Toyota Célica owned and operated by John Napolitano, with John DiLeo, Sondra Kenner and Michelle Nault as passengers, suddenly confronted what was described by Napolitano as a “black wall” in the roadway. He applied his brakes but was unable to avoid a collision with the undercarriage of the Ryder truck. The passengers of the Napolitano vehicle immediately left the vehicle. Napolitano and Kenner exited from the driver’s side of the vehicle and moved around the rear of the vehicle to the emergency lane. Napoli-tano allowed the front headlights on his vehicle to remain in the “on” position. Di-Leo and Nault exited from the passenger’s side, leaving the passenger’s door open, and took a position on the grassy portion of the emergency lane.
While the passengers were standing in the emergency lane, a 1975 pickup truck and trailer operated by Joseph Runyon and owned by Dale Hemmerich, Runyon’s employee and a passenger, came upon the stranded vehicles approximately one to two minutes after the first accident. Runyon did not apply his brakes upon seeing the vehicles, and simply veered his truck to the right, proceeding into the emergency lane. In doing so, he collided with the Napolitano vehicle and subsequently struck John Di-Leo and Michelle Nault.
Plaintiffs, the surviving parents of John DiLeo, filed suit against the following defendants: Ryder Truck Rental, Inc.; Grande Seafood Sales lessee of the Ryder truck and employee of the truck’s driver, James Ray Slade; National Union Fire Insurance Company of Pittsburgh, the insurer of Ryder, Grande Seafood Sales and Slade; John Napolitano owner and operator of the vehicle in which John DiLeo was a passenger; Allstate Insurance Company, the liability and uninsured motorist carrier of John Napolitano, and Colonial Penn Insurance Company, the DiLeo’s uninsured motorist carrier. Runyon and Hemmerich were not made parties to the litigation as both are uninsured.
Plaintiffs compromised their claims against Ryder, Grande Seafood Sales and National Union Fire Insurance Company for $84,000.00 and executed releases in their favor. They settled with and released *1008 Napolitano and his insurer, Allstate, for $8,000.00. The DiLeo’s uninsured motorist carrier, Colonial Penn, was the sole remaining defendant at the trial on the merits.
The trial court rendered judgment in favor of the plaintiffs for $90,000.00. The trial judge found Runyon and Hemmerich’s negligence to be the proximate and legal cause of John DiLeo death. The court stated “the combined acts and omissions of Hemmerich and Runyon produced sufficient superceding, intervening negligence as to be the legal cause of John DiLeos’ death.”
Defendant, Colonial Penn, argues on appeal that the trial judge manifestly erred in finding that the acts of Runyon and Hemmerich were the sole legal cause of John DiLeo’s death. Colonial Penn contends that the facts show that Slade’s failure to place warning lights about his disabled vehicle is a proximate cause of Di-Leo’s death. They contend that Slade is the sole cause of decedent’s death, or alternatively, jointly liable with Runyon and Hemmerich.
A trial court’s findings of fact should not be reversed where there is evidence before the trier of fact that furnishes a reasonable basis for the trial court’s findings. Canter v. Koehring Co., 283 So.2d 716 (La.1974); Arceneaux v. Dominique, 365 So.2d 1330 (La.1978).
A review of the trial testimony reveals that there was .sufficient evidence for the trial judge to find Runyon and Hemmerich negligent. Specifically, the testimony of State Trooper Bevis indicates that had Runyon been observant, he would have noticed the Toyota’s reflectors, and thus, the vehicles, approximately 600 feet prior to the accident site. Further, there is evidence that Runyon did not apply his brakes when he came upon the stranded vehicles. Any reasonable prudent driver in Runyon’s situation would have attempted to brake the vehicle. Such negligence is not that of an inattentive driver, but is of a gross and wanton proportion.
The record further reveals that the trailer attached to the truck was improperly loaded, and thus hindered Runyon’s ability to control the vehicle. Bevis also testified that the first accident had stabilized before the second accident occurred. The failure of Slade to place warning flares around the disabled truck does not require a finding that his negligence was a legal cause of DiLeo’s death. The evidence shows that the disabled vehicles were adequately lighted by the front headlights and interior light of Napolitano’s vehicle. The evening of the accident, the weather was clear, and the road was straight and level. Runyon, had he not been negligent, would have seen the disabled vehicles and could have avoided the collision. The trial court had a reasonable basis for finding that Runyon and Hemmerich’s gross negligence was a superseding, intervening cause, and that Slade’s negligence was too remote to hold Slade liable as a joint tortfeasor.
This case does not fall within the Dixie Drive-It Yourself line of cases, which excuses a motorist for failure to see an obstruction in the highway.[1] This case involves a driver who is grossly negligent in not seeing what a reasonable, careful and prudent driver could have seen and would have avoided. In such cases, the doctrine of intervening cause has been utilized to prevent a finding of liability on the part of the one responsible for the more remote cause. Hessifer v. Southern Equipment, Inc., 416 So.2d 368 (La.App. 1st Cir.1982), writ denied, 420 So.2d 982 (La.1982). Cf. Nelson v. Powers, 402 So.2d 129 (La.App. 1st Cir.1981); Dardenne v. Jones, 239 So.2d 724 (La.App. 1st Cir.1970); Liberty Mutual Insurance Co. v. Allstate Insurance Co., 220 So.2d 182 (La.App. 1st Cir.1969).
Accordingly, for the foregoing reasons, we would affirm the trial court findings that the negligent acts of Runyon and Hemmerich were the sole proximate and legal cause of John DiLeo’s death, thereby casting judgment against Colonial Penn Insurance Co., and in favor of the plaintiffs, *1009 Dr. and Mrs. James DiLeo for the sum of $90,000.00.

Affirmed.

WARD, J., concurs with reasons.
WILLIAMS, J., dissents with reasons.

. Dixie Drive-It Yourself Systems v. American Beverage. Co., 242 La. 471, 137 So.2d 298 (1962).